## CIRCUIT COURT OF THE CITY OF NORFOLK

Carlton Gurganus, etc.

v.

Dainty Brooks Jones, Jr., an infant


Cynthia Marie Crawley, etc.

v.

David Allen Jones, an infant

June 30, 1976

Cases No. (Chancery) C-408-75A, C-407-75A

By JUDGE EDWARD L. RYAN, JR.

The question for decision is whether a court may authorize *in futuro* disbursements of corpus by a guardian beyond the annual income of a ward's estate. It has been represented to the court in these matters that the monthly and annual expenditures necessary for the education, support and maintenance of the wards now do, and in the future will, exceed the annual income from the wards' estates. Pragmatically, the guardian desires to avoid the expenses of filing frequent petitions on a monthly or quarterly basis, or whenever there is need for an invasion of corpus *in praesenti*. Code § 31-10, in pertinent part, is as follows:

> No disbursement shall be allowed to any guardian. . . beyond the annual income of the ward's estate, until the court. . . authorizes same and such authority shall not be given except when the court. . . is satisfied that such expenditure would be judicious and proper.

> Any guardian who desires to spend for his ward. . . more than the annual income. . . shall file a petition in the court. . . setting forth the reasons why it is necessary to make such expenditure. . . . The court. . . shall appoint. . . (a) guardian ad litem to represent every such infant or ward. . . and proceedings on the petition shall otherwise conform in all respects to a bill in chancery. . . and the evidence may be taken orally.

In the matters under consideration the corpora of the infants' estates consist of personalty (savings and loan association interest-bearing accounts) that were funded by net recoveries made by the infants under an action seeking damages resulting from death by wrongful act.

In *Bliss* v. *Spencer*, 125 Va. 36 (1919), the corpus consisted of personalty. (N.B. It appears that a different and stricter rule applies where realty is involved. *Hess* v. *Hess*, 108 Va. 483 (1908)) In this case the court addressed the invasion issue as follows:

> Touching the disbursements by a guardian for the support and maintenance and education of his ward in excess of the income from the estate, the test of whether there will be an allowance of credit therefor in the settlement of his accounts, is well established under the statute in Virginia (Sec. 2604 of the Code) (Now, Code 1950, § 31-10), as expounded by the decision of court. That test is *not*, as claimed by appellant, *merely that the guardian has acted in good faith*, but that the disbursements are such as the court would have authorized had application been previously made to it. If they are such disbursements, they will be allowed, although made by the guardian without previous authority, but not otherwise. And the court in acting on the subject will be guided by its determination of whether the expenditures in excess of the annual income were actually made and by its further determination of whether they were judicious *and proper from the standpoint of the interest of the ward. Barton* v.

*Bowen*, 68 Va. (27 Gratt.) 849, 855 (1876); 1 Minor's Inst. (2d ed.) 473-4. (Italics added.)

*Bliss* stands for the principle (p. 55) that as to disbursements made from income the guardian need only show good faith, but as to invasion of corpus the guardian must meet the sterner test and, if he proceeds without authority, he does so *sub suo periculo*.

If a guardian's invasion of corpus may be approved by the court after the fact, it follows, *a fortiori*, that the court may now approve future disbursements upon a proper showing that they would be judicious and proper from the standpoint of the ward.

The guardian should file petitions setting out in detail the monthly needs and costs thereof, the amounts of income anticipated, and the additions required from the corpora to balance the totals. At any hearings thereon the guardian ad litem, previously appointed, should be present, and the court will receive oral evidence from the guardian and any documentation in support thereof.

If an order is entered allowing the invasions of corpora, it should recite that the guardian is directed to report promptly to the court any change in circumstances, and limiting the guardian's authority to one year from the date of entry.